**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Criminal Action No. 08cr10090-NG** |
| ) | |
| **CHARLES MANGHIS,** ) | |
|     **Defendant.** ) | |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER REGARDING MOTION TO QUASH SUBPOENA TO TESTIFY AND FOR PRODUCTION OF RECORDS SERVED UPON UNITED STATES FISH AND WILDLIFE SERVICE AND CUSTOMS AND BORDER PROTECTION**
January 22, 2010

The government has filed a motion to quash subpoenas that Defendant Charles Manghis served on U.S. Customs and Border Protection ("CBP") and the U.S. Fish & Wildlife Service ("FWS"). On their face, the subpoenas seem to command the Secretary of the Interior and the Secretary of the Department of Homeland Security to appear in my courtroom on January 25, 2010, at 9:00 a.m. They also require the production of the following documents:

- "Any and all documents of any description whatsoever" relating to the CBP and FWS's policies for construing and enforcing certain regulatory provisions.

- "Any and all documents of any description whatsoever" that were attached to or associated with a shipment of sperm whale teeth and whale bone to James Saunders that was intercepted in New York in February 2004.

- "Any and all documents of any description whatsoever" reflecting communications between government agents and James Saunders or the shipping company concerning the February shipment.

- "Any and all documents of any description whatsoever" concerning items seized as a result of any search warrant relating to James Saunders.

- "Any and all other items seized" as a result of any search warrant relating to James Saunders.

The Court recognizes that the defendant has not filed an opposition to the government's motion to quash and that the motion ordinarily would not be ripe for decision until January 28, 2010, fourteen days after it was served on defense counsel.  See Local R. 7.1(b)(2).  Nevertheless, the Court feels compelled to rule on the government's motion today, Friday, January 22, 2010, since the challenged subpoenas command witnesses to appear in court on Monday, January 25.  Although the Court grants the government's motion to quash, it notes that it can be flexible in how it schedules its proceedings in this case since the case will be tried to the Court, not a jury.  If defense counsel can show the need for particular documents or witness testimony, the Court will consider whether new subpoenas should be issued during trial.  If necessary, the Court can temporarily suspend its proceedings to allow the defendant an opportunity to review any documents produced pursuant to such a subpoena.

As an initial matter, it seems obvious that Secretaries Ken Salazar and Janet Napolitano should not be required to appear in my court on January 25.  However, even if the defendant's subpoenas are construed as compelling the appearance of any agent of the CBP and FWS, the government still objects to them.  From the government's proposed witness list, it appears that agents from the FWS will testify for the government at trial, see Government's Proposed Exhibit/Witness List (document #95), so those agents will be available for questioning by the defendant.  However, the CBP has not been actively involved in the investigation of this case, see Mot. to Quash at 2 (document #93), and it may not have planned to send a representative to Manghis's trial before Manghis issued his subpoena.  Federal Rule of Criminal Procedure

17(c)(2) clearly authorizes a court to quash a subpoena requiring the production of documents, but it is less clear whether this rule applies to the quashing of a subpoena that seeks mere testimony from a witness.  See 2 Charles Alan Wright & Peter J. Henning, Federal Practice and Procedure § 274, at 255-57 (2009) ("Rule 17(c)(2) provides for a motion to quash a subpoena duces tecum.  There is no similar provision with regard to subpoenas to testify.  Although courts have granted motions to quash, the better practice in ordinary cases is to require the witness to appear and claim any privilege or immunity he may have." (footnotes omitted)).  However, it seems self-evident that Manghis should not be allowed to compel the appearance of a witness whose testimony would be irrelevant.  Since Manghis has yet to file an opposition to the government's motion to quash explaining why the testimony he seeks from agents of the FWS and CBP would be relevant, the Court will grant the motion to quash and not require any witnesses to appear pursuant to the challenged subpoenas.  As explained above, Manghis may seek leave during trial to serve renewed subpoenas on the FWS and CBP if he can show that a particular witness's testimony would be relevant.

As for Manghis's request that certain documents and items be produced, it appears that he is improperly using Rule 17(c) as a discovery device, which it is not.  See id. at 243; see also United States v. Nixon, 418 U.S. 683, 698 (1974).  To overcome the government's motion to quash, Manghis must prove that he has adequately specified the materials he seeks in his subpoenas and that those materials are relevant and admissible.  Nixon, 418 U.S. at 700.  Manghis has not, and likely cannot, meet this burden.  His request for "any and all documents" relating to the CBP and FWS's interpretation and implementation of certain regulatory provisions is overbroad and amounts to little more than a fishing expedition.  See United States

v. Libby, 432 F. Supp. 2d 26, 31-32 (D.D.C. 2006) (discussing Nixon's specificity requirement). Also, Manghis needs to explain how this evidence and the other documents and items sought in his subpoenas are relevant to this case. Since Manghis has not shown that his subpoenas meet Nixon's requirements of relevancy, admissibility, and specificity, the government's motion to quash must be granted.

According, the Court hereby **GRANTS** the Motion to Quash Subpoena to Testify and for Production of Records Served upon United States Fish and Wildlife Service and Customs and Border Protection (**document #93**).

**SO ORDERED.**

**January 22, 2010**             /s/ Nancy Gertner
                                                  Nancy Gertner, U.S.D.C.